FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

06 APR 17 AM 10: 35

STEPHEN R. LUDWIG, CLERK
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| **ROGER AXT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) CAUSE NO. | **1:06CV0157** **TLS** |
| | ) | |
| **CITY OF FORT WAYNE, JOHN** | ) | |
| **MORENO in his individual** | ) | |
| **capacity, and ROBERT HINGA** | ) | |
| **in his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Action .

1.      Plaintiff, Roger Axt (hereinafter "Axt"), brings this action against Defendant, City

of Fort Wayne (hereinafter "Fort Wayne"), pursuant to the Civil Rights Act of 1871, 42 U.S.C. §

1983, alleging that Fort Wayne violated his rights as protected by the Fifth and Fourteenth

Amendments of the United States Constitution.  Axt also brings this Complaint against Fort

Wayne and John Moreno (hereinafter "Moreno"), in his individual capacity, pursuant to the Civil

Rights Act of 1871, 42 U.S.C. § 1983, alleging that Fort Wayne and Moreno engaged in a

conspiracy to deprive Axt of his civil rights in violation of 42 U.S.C. § 1985 and against Fort

Wayne and Robert Hinga (hereinafter "Hinga"), in his individual capacity, pursuant to the Civil

Rights Act of 1871, 42 U.S.C. § 1983, alleging that Fort Wayne and Hinga negligently failed to

take action to prevent the conspiracy to deprive Axt of his civil rights in violation of 42 U.S.C. §

1986.

### II. Parties

2.      Axt resided within the Northern District of Indiana at all times relevant to this

action.

3.    Fort Wayne is a municipality that is located in the Northern District of Indiana.

4.    Moreno served in the capacity of Detective with Fort Wayne's Police Department at all times relevant to this action.

5.    Hinga served in the capacity of Program Manager with Fort Wayne's Water Maintenance & Service Department at all times relevant to this action.

### III. Jurisdiction and Venue

6.    Fort Wayne, Moreno, and Hinga are "person[s]" within the meaning of 42 U.S.C. § 1983.

7.    Fort Wayne, acting under color of municipal law and pursuant to a policy, practice, and/or custom, violated Axt's rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

8.    Fort Wayne and Moreno, acting under color of municipal law and pursuant to a policy, practice, and/or custom, violated Axt's rights as protected by 42 U.S.C. § 1985.

9.    Fort Wayne and Hinga, acting under color of municipal law and pursuant to a policy, practice, and/or custom, violated Axt's rights as protected by 42 U.S.C. § 1986.

10.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

11.    All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Northern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. Factual Allegations

12.    Axt was employed in Fort Wayne's Water Maintenance & Service Department

from October 1992 through November 19, 2004.

13.    Axt and his wife, Dianne, own the property located at 4109 E. Fleming Ave. in Fort Wayne, Indiana, but lease the residence located thereon.

14.    Upon information and belief, Moreno had a friendship with the individual who was a tenant of 4109 E. Fleming Ave. from July 2003 - June 2004.

15.    Axt and his wife were involved in numerous disputes with said individual and, in June 2004, they evicted that individual from the property.

16.    On October 1, 2004, Moreno arrived at 4109 E. Fleming Ave.

17.    Upon information and belief, Moreno claims he went to the 4109 E. Fleming Ave. property after receiving information that Fort Wayne city workers were observed to be working on a house located on that property.

18.    The property located at 4109 E. Fleming Ave. is outside the jurisdiction of the Fort Wayne Police Department. To wit, the Allen County Sheriff's Department is responsible for providing police protection for 4109 E. Fleming Ave.

19.    When Moreno arrived at 4109 E. Fleming Ave., he did not find any city workers working anywhere on the property.

20.    Upon information and belief, Moreno saw two (2) vehicles owned by Fort Wayne driving away from the 4109 E. Fleming Ave. property as he approached.

21.    Moreno did not stop either of the two (2) Fort Wayne vehicles that he purportedly witnessed driving away from the 4109 E. Fleming Ave. property.

22.    Upon information and belief, Moreno instead proceeded to enter upon the property located at 4109 E. Fleming Ave. at which time he purportedly looked in a window of a garage that was located on the property wherein he observed equipment owned by Fort Wayne

3

inside the garage.

23. Upon information and belief, Hinga was called out to the 4109 E. Fleming Ave. property to identify the city equipment that was inside the garage.

24. On October 7, 2004, Axt was suspended with pay by Fort Wayne.

25. On October 11, 2004, Axt was informed by Fort Wayne that he was being terminated for "Stealing City equipment & removal of City property from City premises, Use of City materials time vehicle and equipment without consent of management for unauthorized purposes."

26. On October 21, 2004, Axt was suspended without pay by Fort Wayne.

27. After a Pre-deprivation/evidentiary Hearing, Axt's employment was terminated on November 19, 2004.

28. Ultimately, Moreno forwarded the results of his investigation of Axt to the Allen County Prosecutor's Office.

29. Based on the information provided to them by Moreno, criminal conversion charges were filed against Axt by the Allen County Prosecutor's Office.

30. Upon information and belief, Moreno was able to identify at least one of the individuals who was purportedly seen driving away from the 4109 E. Fleming Ave. property as Moreno approached it.

31. Upon information and belief, none of the individuals who were allegedly working on the 4109 E. Fleming Ave. property were disciplined by Fort Wayne

32. Upon information and belief, none of the individuals who were allegedly working on the 4109 E. Fleming Ave. property were investigated by Moreno and information about their alleged conduct was not forwarded by Moreno to the Allen County Prosecutor's Office so that

4

they could be charged with a crime as a result of their alleged role in the October 1, 2004, incident.

### V. Causes of Action

### Count I: Violation of Fifth and Fourteenth Amendments

33. Axt hereby incorporate paragraphs one (1) through thirty-two (32) of this Complaint.

34. Axt has a liberty interest in his good name, reputation, honor, and integrity.

35. Fort Wayne's actions imposed a stigma of criminal conduct, dishonesty, and/or immorality upon Axt's reputation.

36. Fort Wayne's actions were intentional, willful, and in reckless disregard of Axt's clearly established rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

37. Axt has suffered damages as a result of Fort Wayne's unlawful actions.

### Count II - Violation of 42 U.S.C. § 1985

38. Axt hereby incorporates paragraphs one (1) through thirty-seven (37) of this Complaint.

39. Fort Wayne and Moreno acted in concert and unlawfully conspired directly and/or indirectly to deprive Axt of his civil rights.

40. The actions of Fort Wayne and Moreno were intentional, willful, and in reckless disregard of Axt's clearly established rights as protected by 42 U.S.C. § 1985.

41. Axt has suffered damages as a result of the unlawful actions of Fort Wayne and Moreno.

## Count III - Violation of 42 U.S.C. § 1986

42.    Axt hereby incorporates paragraphs one (1) through forty-one (41) of this Complaint.

43.    Fort Wayne and Hinga negligently failed to prevent the conspiracy to deprive Axt of his civil rights and failed to take any action to stop or prevent said deprivation. This negligent failure directly and/or indirectly caused Axt to be deprived of his civil rights.

44.    The actions of Fort Wayne and Hinga were in reckless disregard of Axt's clearly established rights as protected by 42 U.S.C. § 1986.

45.    Axt has suffered damages as a result of the unlawful actions of Fort Wayne and Hinga.

## VI.  Request for Relief

WHEREFORE, Plaintiff, Roger Axt, by counsel, respectfully requests that this Court find for Axt and:

1.    Enter a declaratory judgment holding that Fort Wayne's actions violated Axt's rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution;

2.    Enjoin Fort Wayne from future violations of the Fifth and Fourteenth Amendments of the United States Constitution;

3.    Order that Fort Wayne, Moreno, and Hinga pay compensatory damages to Axt;

4.    Order that Moreno and Hinga, in their individual capacities, pay punitive damages to Axt;

5.    Order that Fort Wayne, Moreno, and Hinga  pay pre- and post-judgement interest to Axt;

6.    Order that Fort Wayne, Moreno, and Hinga  pay Axt's costs and attorneys' fees

6

incurred in litigating this action; and

      7.      Order that Fort Wayne, Moreno, and Hinga provide any and all other legal and/or equitable relief to Axt that this Court sees fit to grant.

Respectfully submitted,

John H. Haskin (7576-49)

Andrew G. Jones (23020-49)

HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:    jhaskin@hlllaw.com
        ajones@hlllaw.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Roger Axt, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Andrew G. Jones (23020-49)
HASKIN, LAUTER, LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:       jhaskin@hlllaw.com
              ajones@hlllaw.com

Attorneys for Plaintiff