UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROGER AXT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-157-TS |
| | ) | |
| CITY OF FORT WAYNE, JOHN MORENO, in his individual capacity, and ROBERT HINGA, in his individual capacity, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On April 17, 2006, the Plaintiff, Robert Axt, sued the City of Fort Wayne, John Moreno, a detective with the City of Fort Wayne Police Department, and Robert Hinga, the Program Manager for the City of Fort Wayne's Water, Maintenance & Service Department. His suit arises out of his termination from his job with the Water, Maintenance & Service Department for conduct that also formed the basis of criminal conversion charges brought by the Allen County Prosecutor's Office. This matter is before the Court on the Defendants' Motion to Dismiss the Plaintiff's Complaint [DE 13] under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff opposed the Motion and the Defendant filed a Reply and Notice of Potentially Adverse Authority relating to municipal liability pleading requirements.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them

in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996).

Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999); Fed. R. Civ. P. 8(a). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support his claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984); *Sutliff, Inc. v. Donavan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984).

**FACTS ALLEGED IN COMPLAINT**

The Plaintiff worked in the City of Fort Wayne's Water Maintenance & Service Department from 1992 until November 2004. The Plaintiff and his wife own real estate located at 4109 East Fleming Avenue in Fort Wayne and lease out the house at that address. A tenant with whom they had numerous disputes and eventually evicted in June 2004 was friends with John Moreno, a detective with the City of Fort Wayne Police Department.

On October 1, 2004, Moreno went to 4109 Fleming Avenue. He contends that he drove there after receiving information that Fort Wayne City workers were working on the house at

that address, which is outside the City's limits. Moreno did not see any city employees working at the house, but saw two city vehicles driving away from the property as he approached. Moreno looked in a garage window and saw equipment owned by the City of Fort Wayne. Robert Hinga, the Program Manager for Fort Wayne's Water, Maintenance & Service Department, was called out to the property to identify the equipment.

On October 7, 2004, the City suspended the Plaintiff with pay. On October 11, the City informed the Plaintiff that he was "being terminated" for unauthorized use of City materials, time, vehicles, and equipment and for stealing City equipment. (Compl., ¶ 25.) On October 21, the City suspended the Plaintiff without pay and on November 19, after a predeprivation hearing, it terminated his employment.

Moreno forwarded the results of his investigation to the Allen County Prosecutor's Office, which charged the Plaintiff with criminal conversion. No other City employee was investigated, disciplined, terminated, or charged criminally.

## DISCUSSION

**A.     Section 1983 Claim for Deprivation of Liberty—Municipal Liability**

In support of Count I of his Complaint, the Plaintiff alleges that "Fort Wayne, acting under color of municipal law and pursuant to policy, practice, and/or custom, violated [his] rights as protected by the Fifth and Fourteenth Amendments of the United States Constitution." (Compl., ¶ 7.) He alleges that he has a liberty interest in his good name, reputation, honor, and integrity and that the City's actions imposed a stigma of criminal conduct, dishonesty and immorality on his reputation. (Compl, ¶¶ 34, 35.)

3

In its Motion to Dismiss, the City argues that the Plaintiff has failed to state a claim for deprivation of a liberty interest pursuant to § 1983 because he does not identify a policy of the City of Fort Wayne that resulted in the deprivation. The City contends that the Plaintiff's bare assertion that the existence of some policy, without identifying the policy or explaining its application to his circumstances, is insufficient to plead a claim for municipal liability.

Relevant to this Court's consideration of the City's argument is the Seventh Circuit's admonishment that "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). Rule 9(b)'s requirement for greater particularity in pleadings does not reference complaints alleging municipal liability under § 1983.[1] Moreover, "[t]he Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." *McCormick v. City of Chi.*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). In *McCormick*, the Seventh Circuit reiterated that, to survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint. " *Id.* at 324. (internal quotations omitted) (citing *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999) and *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996)). The court then asked, what exactly is "enough" in the context of pleading municipal liability and concluded:

---

[1] Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

> To allege that a municipal policy has violated an individual's civil rights under § 1981 or § 1983, [the plaintiff] needed to allege that (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*Id.* (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)).

Here, the Plaintiff has alleged facts that fit the first option; he stated that the City had a policy, practice, or custom that caused his constitutional deprivation. (Compl., ¶ 7.) That the Plaintiff did not expound on the policy at issue is not fatal at this stage of the litigation. "Facts need not be 'established' or even alleged (fact-pleading is unnecessary); a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations." *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006). The Plaintiff may proceed on his § 1983 claim against the City.

**B.     Conspiracy Claim Against Moreno and the City**

In Count II of the Complaint, the Plaintiff alleges that the City and Moreno "acted in concert and unlawfully conspired" to deprive him of his civil rights in violation of § 1985. (Comp., ¶¶ 39, 40.) Subsection (3) of § 1985 makes it unlawful for

> two or more persons in any State or Territory [to] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

42 U.S.C. § 1985(3). The courts have identified four elements necessary to make out a valid case under § 1985(3): (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or a deprivation of any right or privilege of a United States citizen. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006).

The Defendant contends that the Plaintiff's § 1985 claim cannot proceed for two reasons: (1) the Plaintiff did not plead that invidious discriminatory animus was behind the conspirator's actions; and (2) the Plaintiff's allegations of conspiracy are barred by the intracorporate conspiracy doctrine. The Plaintiff counters that the alleged facts are sufficient to support a "class of one" equal protection interest and that even if he does not have a claim under § 1985 he can rely on § 1983 to advance his conspiracy claim. He also submits that the the intracorporate conspiracy doctrine does not bar his claim because it is not established that Moreno was acting within the scope of his employment at the time he initiated his investigation of the Plaintiff's property.

**1.**     *Class-Based Discrimination*

a.     *Section 1985(3)*

The Defendants argue that the Plaintiff's § 1985 claim should be dismissed because he has not alleged that class-based animus motivated the conspirators' actions. The Plaintiff concedes that he has not alleged membership in a racial or other protected class, but contends that he can proceed as a "class of one." (Pf.'s Resp. at 9–10.)

Because of the statutory language requiring an intent to deprive a person of "equal protection of the laws," a successful § 1985(3) claim requires the plaintiff to establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

6

conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102. This requirement of class-based invidiously discriminatory animus has been narrowly construed to prevent § 1985 from being converted into a "general federal tort law." *Id.*

A class of one is not a protected class for purposes of § 1985(3). *See Am. Nat'l Bank and Trust Co. of Chi. v. Town of Cicero*, 2001 WL 1631871, *12 (N.D. Ill Dec. 14, 2001) ("While the 'class of one' may qualify under a [§] 1983 equal protection claim, plaintiffs fail to cite, and this Court fails to find, any case stating that such a class qualifies for protection under [§] 1985."); *see also Munson v. Frisk*, 754 F.2d 683, n.8 (7th Cir. 1985) (requiring class-based invidiously discriminatory animus to be proven in all § 1985(3) cases, even those involving state action); *Underfer v. Univ. of Toledo*, 36 Fed. Apps. 831, 833–34 (6th Cir. 2002) (holding that recognition of a class of one in the equal protection context did not alter the text of § 1985(3) and its coverage of conspiracies only against classes who receive heightened protection under the Equal Protection Clause); *Ferrone v. Onorato*, 439 F. Supp. 2d 442, 452–53 (W.D. Pa. 2006) (holding that a class of one is not a "group that the Supreme Court would recognize as being subject to any legitimate class bases animus which would support a Section 1985(3) claim"); *Brewer v. Comm'n, Internal Revenue*, 435 F. Supp. 2d 1174, 1179 (S.D. Ala. 2006) (stating that plaintiff's alleged class of one status was insufficient, as a matter of law, to demonstrate the racial or class-based discrimination that is required to state a claim under § 1985(3)).

Because the Plaintiff's class of one theory is insufficient to state a claim under § 1985(3), it will be dismissed. This also mandates dismissal of the Plaintiff's § 1986 claim (Count III) against Hinger and the City for negligently failing to prevent the alleged conspiracy. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) (holding that liability under §1986 is derivative

of liability under § 1985).[2]

Notwithstanding the Plaintiff's failure to state a claim under § 1985(3), he may be able to proceed against the Defendants under a § 1983 class of one equal protection state action theory. *See, e.g., Borzych v. Frank*, 340 F. Supp. 2d 955, 970 (W.D. Wis. 2004) (noting that claims of conspiracy to effect deprivation of civil or constitutional rights may be brought in federal court under § 1983 or § 1985(3)).

b.      *Section 1983*

The Plaintiff does not assert the typical equal protection claim; he contends that he has alleged facts sufficient to support a class of one equal protection claim.

> Typically equal protection claims involve charges of singling out members of a vulnerable group for unequal treatment or charges that a law or policy makes irrational distinctions between groups of people. However, equal protection claims may also involve a class of one, where the plaintiff alleges that only he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

*Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). To establish his class of one claim, the Plaintiff must show (1) he has been intentionally treated differently from others similarly situated; and (2) there is no rational basis for the difference in treatment or the cause of the differential treatment is a "totally illegitimate animus" toward him by the Defendants. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Maulding Develop., LLC v. City of Springfield*, 453 F.3d 967, 970 (7th Cir. 2006); *but see Lauth v. McCollum*, 424 F.3d 631 (7th Cir. 2005) (holding that .

---

[2] The Plaintiff does not address the § 1986 claim in his response brief.

The Plaintiff contends that his allegations that Moreno identified at least one of the individuals he saw driving away from 4109 East Fleming Avenue, yet no other employee was investigated, discipline, terminated, or prosecuted, is sufficient to establish a class of one equal protection claim. He submits that he was singled out for differential treatment because of the Defendants' illegitimate animus. The Defendants submit that because there is a rational explanation for the City's actions, the Court should dismiss the Plaintiff's claim.[3]

The Defendants cite Judge Posner's opinion in *Lauth v. McCollum*, 424 F.3d 631 (7th Cir. 2005), in support of their argument to dismiss the Plaintiff's class of one claim. In *Lauth*, the Court noted that the paradigmatic class of one case occurs where a public official, "with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." 424 F.3d at 633. The court opined that, as cases move away from this paradigmatic mold, "the sense of a wrong of constitutional dignity, and of a need for a federal remedy, attenuates." *Id.* Further, when the unequal treatment arises out of the employment relation, as it did in *Lauth* and does here, "the case for federal judicial intervention in the name of equal protection is especially thin." *Id.* The Court stated that it was not surprised to have found no case in which a public employee asserting protection as a class of one prevailed in the two decades since the class of one claim was first recognized in the Seventh Circuit. *Id.* at 633–34 (identifying *Ciechon v. Chicago*, 686 F.2d 511 (7th Cir. 1982) as the "extreme case that kicked off the 'class of one' movement").

---

[3] The Defendants also argue that the class of one claim fails because the Plaintiff is not similarly situated to employees who were treated differently. Because the Plaintiff's equal protection claim is dismissed on other grounds, the Court does not reach the merits of this argument.

9

The court declined "to rule that a public employee can *never* maintain a class-of-one case," but thought it better to reiterate and reconcile two lines of relevant cases—the "animus" and the "rational basis." *Id.* at 634; *see also Racine Charter One v. Racine United Sch. Dist.*, 424 F.3d 677, 684 (7th Cir. 2005) (noting that some Seventh Circuit cases apply illegitimate animus as a separate test, some apply it in conjunction with rational basis, and the Supreme Court expressly declined to determine the relevance of subjective animus). A prevailing plaintiff under the rational basis standard would have to negate "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* ("Governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized.") (citations omitted). "The target of class-of-one cases is 'governmental action wholly impossible to relate to legitimate governmental objectives.'" *Id.* (citing *Esmail v. Macrane*, 53 F.3d 176, 180 (7th Cir. 1995)). "Animus thus comes into play *only when*, no rational reason or motive being imaginable for the injurious action taken by the defendant against the plaintiff, the action would be inexplicable unless animus had motivated it." *Id.* (emphasis added).

The court concluded that "[s]ince hypothesis is not proof, this test that we have articulated can often be applied in advance of discovery." *Id.* Dismissal under Rule 12(b)(6) of claims involving rational basis review finds support in this Circuit's jurisprudence. In *Wroblewski v. City of Washburn*, 965 F.2d 452, 459–60 (1992), the Seventh Circuit was faced with the "perplexing situation" that arises when the rational basis standard meets the 12(b)(6) standard for dismissal. While recognizing that the rational basis does not defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard, the Court announced that it would apply the facts and reasonable inferences from the complaint in light of the deferential rational basis standard.

10

*Id.* at 460. "To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Id.* (upholding dismissal because rational basis for the city's policy toward the defendant was not only conceivable and plausible, but directly supported by allegations in the complaint).

Applying the test for class of one cases and the standard of review for dismissal under Rule 12(b)(6) leads this Court to conclude that dismissal of the Plaintiff's class equal protection claim is appropriate. Although the Court would be within its bounds to do so, is not required to hypothesize a sound reason for the Defendants' actions; the Plaintiff's own Complaint provides reason enough. If everything in the Complaint is taken as true, Moreno went to property owned by the Plaintiff after receiving a report that City employees were, inappropriately, working there. When he arrived, he saw two City vehicles leaving the property, he looked in a garage window and saw City equipment, and he called appropriate personnel to verify that the items he saw in the garage belonged to the City. The City then took disciplinary action against the Plaintiff, which culminated in his termination. The City also turned over the results of its investigation to the prosecutors, who charged the Plaintiff with criminal conversion. Given these facts, which the Plaintiff himself alleges, the Defendants had a sound reason for investigating at the Plaintiff's property (the report of City employees working on property outside the City limits) and for terminating his employment (the discovery of City equipment in a garage owned by the Plaintiff). Because of the government's legitimate interest in enforcing its laws, the Defendants had a rational reason to provide the results of the investigation to the Allen County Prosecutor's Office.

Because the Complaint points to a legitimate government interest and a rational reason for the Defendants' treatment of the Plaintiff, he cannot proceed on a class of one equal protection claim under § 1983.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss [DE 13] is GRANTED IN PART and DENIED IN PART. Counts II and III of the Complaint are dismissed and Defendants Moreno and Hinga are dismissed. Count I of the Complaint, against the City of Fort Wayne, remains pending.

SO ORDERED on October 30, 2006.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION